STATE OF MARYLAND, to the Use of Louis UNGOLO and Mary Ann Ungolo, a minor, survivors of Josephine Ungolo and Frank Ungolo, deceased, and Louis Ungolo, as Administrator of the Estates of Josephine Ungolo and Frank Ungolo, deceased, and as parent and natural guardian of Mary Ann Ungolo, a minor, and in his own right,

v.

Charles MILLER, Frank H. Schumann, individually and trading as The Maryland Crab House, John Crosby Boyd, and David D. Anderson.

Civ. A. No. 23016.

United States District Court
E. D. Pennsylvania.

Oct. 15, 1962.

Donald J. Farage, Philadelphia, Pa., for plaintiffs.

Martin R. Fountain, David H. Kubert, Philadelphia, Pa., for Charles Miller.

GRIM, Senior District Judge.

In this action plaintiffs seek to recover for injuries and death resulting from an automobile accident in Maryland. The case was tried to the court without a jury. A verdict by agreement was entered in favor of defendant Frank H. Schumann. After the trial, a verdict and judgment were entered in favor of defendant David D. Anderson and a verdict and judgment in favor of the plaintiffs were entered against defendants Charles Miller and John Crosby Boyd. Plaintiffs have moved for a new trial limited to defendant Anderson. Defendant Miller has moved (a) for a new trial and (b) to set aside the findings of fact, conclusions of law and judgment against him and to enter judgment in his favor.

There is ample competent evidence to support the findings of fact, conclusions of law and the verdicts and judgments. Certain questions, however, require discussion.

The accident happened in this manner: On August 30, 1956, defendant Anderson, as part of his employment by defendant Miller, drove Miller's truck on a regular daily run from Philadelphia to Grasonville, Maryland, on Chesapeake Bay, to buy and transport back a load of freshly-caught crabs to the employer's restaurant, called the Maryland Crab House, in Philadelphia.

The round trip between Philadelphia and Grasonville was a fairly long one of

250 to 275 miles, and on this day Anderson took with him for company his cousin, defendant John Crosby Boyd, aged 17. As part of his job Anderson had made the trip to Grasonville 15 or 20 times previously. At a time previous to the accident, Anderson had discussed with Miller, his employer, the question of whether or not he could take some one with him to Grasonville for company. Miller made no comment, but he did not forbid it.

At Grasonville, Anderson and Boyd both helped to load the fresh crabs on the truck and to put ice on them. When the truck was ready to start its return journey to Philadelphia, Anderson felt tired or ill and asked Boyd to drive for him. Although Boyd was only 17 years old, there is no evidence that he was not a competent driver. Along the way they stopped and Anderson picked up a puppy dog. As Boyd continued to drive toward Philadelphia, his attention was distracted by the restless antics of the puppy which Anderson was trying to keep on his lap. Because the driver was distracted the truck veered to the left side of the road, where it collided with an approaching automobile being operated by plaintiff Louis Ungolo. Ungolo and his daughter were injured. His wife and son were killed.

Defendant Miller contends that he is not liable on the ground that Boyd was not his employee and that Anderson had no authority to use anyone else as a driver.

■ Since the accident occurred in Maryland, the Maryland law of agency applies. Restatement, Conflict of Laws, § 387.

■ The facts in this case fall within the rule laid down by the Maryland

Court of Appeals in Hendler Creamery Co. v. Miller, 153 Md. 264, 138 A. 1, 3 (1927):

"We all think the first and second prayers of defendant were properly refused on another ground. The facts of this case bring it within the principle of the decision in Booth v. Mister, 7 Carr. & Payne, 66 [1835]. There the servant of the master driving a cart on his master's business, intrusted the reins to a friend riding with him, who drove carelessly and caused an accident. The court said:

"'As the defendant's servant was in the cart, I think that the reins being held by another man makes no difference. It was the same as if the servant had held them himself.'"

The Hendler case was cited with approval by the Maryland Court of Appeals as recently as 1949 [1] and appears still to be the law.[2] Defendant's motion for a new trial must therefore be denied.

Plaintiff contends also that the principle of agency set forth in illustration 5 to § 79 of the Restatement, Agency 2d, applies:

"5. P employs A as a truck driver to carry a valuable load of perishable fruit to a distant town. En route, A becomes ill and unable to drive. Being unable to communicate with P, he employs B, a competent driver, to take his place for the trip. It may be found that A was authorized to employ B as P's servant."

The notes of testimony have not been transcribed and consequently it is difficult at this time to determine the facts as to whether or not Anderson, the original driver, when he became tired or

---

1. In Lustbader v. Traders Delivery Co., 193 Md. 433, 67 A.2d 237.

2. Interestingly enough, it was stated in Harris v. Flat Motors, (1906) 22 Times L.R. (K.B.Div.) 556, that Booth v. Mister could not be treated as any authority, but the Harris case was reversed by the Court of Appeal (1907) 23 Times L.R. 504, which declined to enter into the questions of the authority of the chauffeur to let another drive, or the necessity for his so doing, and restored the verdict for the plaintiff. 7 Labatt, Master and Servant, 7737, § 2515, n. 3.

ill, could have communicated with defendant Miller before turning over the driving to Boyd. However, the fact is that at the time of the accident, the employer, Miller, was on a trip of his own to the New Jersey seashore for fresh crabs and he knew nothing of the accident until he returned to his place of business in Philadelphia.

Defendant Miller contends that the court's 20th finding of fact was erroneous, in allowing damages for loss of companionship since the wife died instantly. The finding was:

"20. As a result of the death of his wife, Louis Ungolo was deprived of her various services and companionship, and Three Thousand Dollars ($3,000) is fair compensation for this loss."

Comment e under § 693 of the Restatement of Torts states:

"In case of death resulting to the wife, the husband may recover under the rule stated in this section only for harm to his interests and expense occurred between the injury and death. For any loss sustained as a result of the wife's death, he must recover, if at all, under a wrongful death statute."

■ Since the wife died almost immediately at the time of the accident, the husband suffered no harm to his interests between the injury and death. Under the Maryland wrongful death statute (a reënactment of Lord Campbell's Act, 9 & 10 Victoria, c. 93) while there can be a recovery for loss of the deceased wife's services in an action on behalf of a surviving husband, State v. Baltimore & O. R. Co., 126 Md. 497, 95 A. 65, 67 L.R.A.1916E, 172 (1915), apparently there can be no recovery by him for loss of her companionship. Since as part of the verdict $3,000 was allowed for loss of both services and companionship, this sum must be reduced to $2,500.

■ The finding that defendant Anderson was not guilty of negligence is supported by the evidence.

ORDER

AND NOW, October 15, 1962, defendant Miller's motion for a new trial is denied; defendant Miller's motion to set aside the findings of fact, conclusions of law, and judgment against him and to enter judgment in his favor is denied, except as to the 20th finding of fact as to which the motion to set aside is granted in part as stated in the opinion and the judgment heretofore entered in favor of plaintiffs and against defendant Miller will be reduced in the amount of $500. Plaintiffs' motion for a new trial as to defendant Anderson is denied.

